B. W. FULLER *v.* WILLIAM A. JEWETT, AND HENRY C. COLCORD *Trustee.*

### Trustee Process.  Bounty Money.  Agency.

C. at the request of J. received and invested J.'s bounty money and other pay due to him as a soldier in the United States military service, mingled the money with his own and took the securities therefor in his own name. *Held*, that C. is accountable only as J.'s agent and trustee; that the money so invested by C. is not subject to attachment in his hands by trustee process.

TRUSTEE PROCESS. The commissioner reported that the principal debtor, William A. Jewett, being entitled to a bounty of $100. from the town of Berkshire on account of his enlistment into the military service of the United States to the credit of that town, requested the alleged trustee " to draw his town bounty for him to let it out or keep it where it would be safe for him," and gave the trustee an order on the treasurer of the town for the same. This bounty was payable in four installments. He also ordered the state treasurer to pay to the trustee his allotted pay. The trustee received in all from both sources $241.70. He paid out of this, on orders of Jewett, $88.75. Of the residue he loaned $50. to the town of Berkshire and charged the same as of his own money, and after trustee process was served on him he took an order from the selectmen of the town payable to himself for said $50. and charged the amount to William A. Jewett in his account with him. He also loaned $100. of the residue to John A. Towle, and took a note signed by said Towle payable to the trustee or bearer, which note was not paid at the time of making the disclosure. The trustee was a farmer and inter-

31

mingled the money he received from his own products, with that received of the principal debtor so that it was quite impossible to tell one from the other.

The trustee claimed that he was not liable as trustee on the ground that he loaned the money as the mere agent of Jewett and had no interest in the securities, but held them for Jewett, and that the money received of the town was not subject to attachment by trustee process. The plaintiff insisted that he was liable on the ground that he had intermingled Jewett's money with his own, and had taken securities for it running to himself without the knowledge of Jewett, and that the town bounty having been paid by the town became attachable by trustee process.

The commissioner decided that the trustee was liable for what remained in his hands after deducting the sums paid on Jewett's orders, and the balance of the bounty money in his hands. Upon the hearing on the commissioner's report the court at the September Term, 1864, ALDIS, J., presiding, held that the trustee was not liable for an amount exceeding ten dollars, and therefore rendered judgment that he be discharged,—to which the plaintiff excepted.

*D. R. Bailey,* for the plaintiff, cited Paley on Agency, p. 90, and note, and *Floyd* v. *Day,* 3 Mass. 402.

*M. J. Hill,* for the trustee.

The trustee is not liable as the holder of securities for money belonging to the principle debtor. *Sargeant* v. *Leland & Tr.* 2 Vt. 277; *Hitchcock* v. *Egerton & Tr.,* 8 Vt. 202; *Scofield* v. *White's Tr's,* 29 Vt. 330; *Van Amee* v. *Jackson & Ketcham,* 35 Vt. 173.

The securities held by the trustee for loans to the town of Berkshire and J. A. Towle are protected to Jewett against Colcord's creditors. *Waldo* v. *Peck,* 7 Vt. 434; *Ridout* v. *Burton,* 27 Vt. 383; *Johnson* v. *Blackman,* 11 Conn. 342.

BARRETT, J. Colcord was constituted the agent of Jewett, to receive and invest his bounty money, and other pay that he should be entitled to, as a volunteer from Berkshire in the United States service.

In that capacity he received, in all, $241.70., with some two dollars interest. He paid out of this, on orders of Jewett, $88.75. Of

the residue, $50. was loaned to the town, and $100. to Towle; the three sums making $238.75.

In the relation Colcord sustained to Jewett, we do not regard him as being Jewett's *debtor* for the money so received, but his agent and trustee, and accountable, as such, for a faithful discharge of his duty. Accordingly the money received by him in that capacity was, and continued to be, Jewett's money, as were the securities taken by him therefor. The form in which Colcord kept his account of said money, or took the securities for it, did not change his relation and character.

It is settled by repeated decisions that a person cannot be charged as trustee, under our statute as to trustee process, on account of *choses in action*, which he holds for, or in the right of, the principal debtor.

Regarding the payments of the $88.75. to have been well made before the process was served, and that, as to $150., he had invested it and was the mere holder of the claim for, and in behalf of, Jewett, we think Colcord cannot be treated as having funds of Jewett of any kind in his hand to the amount of ten dollars when the process was served on him. He had no more afterwards.

It becomes unnecessary, therefore, to consider whether the bounty money was, as such, exempt from the trustee process, and equally unnecessary to make any computation as to what part of the invested money was bounty money.

The judgment discharging the trustee is affirmed.